IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS BARCENAS AND GRICELDA | § | |
| GONZALEZ BARCENAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION H-12-2466 |
| | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, AND BANK OF | § | |
| AMERICA, N.A., | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER OF DISMISSAL**

The above referenced cause, removed from state court on diversity jurisdiction, alleges, as Plaintiffs Luis Barcenas and Gricelda Gonzales Barcenas' causes of action fraud, wrongful foreclosure due to fraud and failure to properly notice acceleration of the note and the foreclosure sale, slander of title, promissory estoppel, and unreasonable collection, and seeks a declaratory judgment, an accounting, and an injunction to prohibit Defendants from evicting Plaintiffs. Pending before the Court is a motion to dismiss (instrument #4) pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b), filed by Defendants Federal Home Loan Mortgage Corporation a/k/a Freddie Mac ("Freddie Mac") and Bank of America, N.A. ("BOA"). Plaintiffs have failed to file a response.

**Allegations of Plaintiffs' Original Petition (#1-1)**

-1-

In November 2007 Plaintiffs purchased a home and property at 7318 Thurow Street, Houston, Texas 77087 ("the property"), and obtained financing from Security National Mortgage ("Security National"), a Utah Corporation.  They made their monthly mortgage payments until they experienced financial difficulties.   In November 2010 they had made a $4000 mortgage payment.  Afterwards they contacted BOA to apply for a loan modification and gathered and submitted the requested documentation.  During the review process, they were required to begin making trial payments of $2629.43 on January 2010.  Plaintiffs understood that if they made these trial payments, they would qualify for the loan modification and would not lose their home.  #1-1 at ¶ 10.  During the process, BOA represented to Plaintiffs that it was "determined to help Plaintiffs keep their home," and it sent correspondence indicating that fact.  *Id.* at ¶ 11.  Plaintiffs charge Defendants with breaching the agreement by not approving a loan modification. Furthermore, while waiting for approval of their application for the loan modification and without ever being properly notified, Plaintiffs learned that on March 6, 2012 their home had been sold in a Substitute Trustee's foreclosure sale to either BOA or Freddie Mac.  *Id.*   Plaintiffs' petition charges that BOA and Freddie Mac participated in a joint venture regarding their actions toward and representations to Plaintiffs and the foreclosure sale of the property.

-2-

Plaintiffs claim they relied on BOA's representations that the March 6, 2012 foreclosure would not take place since they had made the requisite trial payments and the loan modification process was ongoing. Therefore they did not pay any more money to Defendant, nor did they retain a bankruptcy attorney to file a chapter 13 bankruptcy prior to the foreclosure date.[1]  Had they known that the representations were false, they claim they would have made a larger payment to Defendants or filed for bankruptcy protection before the foreclosure sale date.  They assert, "It is believed that Defendants intentionally misrepresented its [*sic*] intentions to Plaintiffs in order to prevent Plaintiffs from seeking relief through bankruptcy prior to foreclosure."  #1-1, ¶ 14.

Plaintiffs maintain that Defendants never provided them with proof that BOA had the right to initiate a foreclosure of their property, nor an accounting of funds received from the foreclosure sale or any overage received, nor any details of the conduct of the sale.  Nor have they received a copy of any conveyance from Security National to BOA, either directly or through successors in interest.  The petition states, "It is believed that Defendant cannot provide original documentation showing a transfer of rights,

---

[1]  Defendants object that Plaintiffs cannot establish detrimental reliance by these claims.  That they failed to pay more money to Defendants is not to their detriment; the reason they sought a loan modification was their financial difficulties and their position has not worsened.  Furthermore Defendants point out that Plaintiffs can still file for Chapter 13 bankruptcy to avoid or set aside foreclosure.

authorization to institute foreclosure proceedings by the previous and present owner of promissory note and that Defendant's actions were a slander of Plaintiff's title to the subject property." #1-1 at ¶ 18.  They ask the Court to compel Defendants to prove their ownership of the mortgage indebtedness, including all conveyances from Security National to any successor in interest to Defendants and their authorization for the owner of the indebtedness to institute the foreclosure process against Plaintiffs.

They assert that their credit has been damaged so they are unable to obtain a loan for purposes of buying back the property or any other property or home.  They have lost clear title to the property and may lose the right to possession of it that will cause them to incur additional expenses of relocation.  They have also suffered mental anguish and stress because of the potential loss of their home.

### Standard of Review

Federal Rule of Civil Procedure 8(a)(2) provides, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011), *citing Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir.

2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965, *citing* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). "*Twombly* jettisoned the minimum notice pleading requirement of *Conley v. Gibson*, 355 U.S. 41 . . . (1957)["a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"], and instead required that a complaint allege enough facts to state a claim that is plausible on its face." *St. Germain v. Howard*,556 F.3d 261, 263 n.2 (5th Cir. 2009), *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)("To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"),

*citing Twombly*, 127 S. Ct. at 1974).   "'A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010), *quoting Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009).   Dismissal is appropriate when the plaintiff fails to allege "'enough facts to state a claim to relief that is plausible on its face'" and therefore fails to "'raise a right to relief above the speculative level.'"   *Montoya*, 614 F.3d at 148, *quoting Twombly*, 550 U.S. at 555, 570.   "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" under Rule 12(b).   *Iqbal*, 129 S. Ct. at 1949.   The plaintiff must plead specific facts, not merely conclusory allegations, to avoid dismissal.   *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

As noted, on a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record.   *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC,* 594 F.3d 383, 387 (5th Cir. 2010), *citing Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994).   *See also United States ex rel. Willard v. Humana Health*

*Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)("the court may consider . . . matters of which judicial notice may be taken"). Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. Jan. 25, 2011). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Even if a plaintiff fails to file a response to a motion to dismiss despite a local rule's mandate that a failure to respond is a representation of nonopposition, the Fifth Circuit has rejected the automatic granting of dispositive motions without responses without the court's considering the substance of the motion. *Watson v. United States*, 285 Fed. Appx. 140, 143 (5th Cir. 2008), *citing Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006), and *Johnson v. Louisiana*, 757 F.2d 698, 708-09 (5th Cir. 1985). "The mere failure to respond to a motion is not sufficient to justify a dismissal with prejudice." *Id.* Instead there should be a clear record of delay or contumacious conduct and a finding that lesser sanctions would not serve the system of justice. *Id., citing Luna v. Int'l Ass'n of Machinists & Aerospace Workers Local #36*, 614

-7-

F.2d 529, 531 (5th Cir. 1980).

In addition to Rules 8(a) and 12(b)(6), fraud claims must also satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b): "In allegations alleging fraud . . ., a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).  The Fifth Circuit interprets Rule 9(b) to require "specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent." *Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

### Relevant Law

To state a claim for fraud under Texas law a plaintiff must allege (1) that the defendant made a representation to the plaintiff, (2) that the representation was material, (3) that the representation was false, (4) that when the misrepresentation was made the defendant knew it was false or made it recklessly and without knowledge of its truth, (5) that the defendant made it with the intent that the plaintiff act on it, (6) that the plaintiff relied on the representation, and (7) that the representation

-8-

caused injury to the plaintiff.  *Shandong Yinquang Chem., Indus. Jt. Stock Co. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010), *citing Ernst & Young, LLP v. Pacific Mut. Life Ins. Co.*, 51 S.W. 3d 573, 577 (Tex. 2001).  A false representation is material if a reasonable person would attach importance to and be induced to act on the information.  *Id.* at 1033.  "A promise of future performance constitutes an actionable misrepresentation if the promise was made with no intention of performing at the time it was made."  *Formosa Plastics Corp. USA v. Presidio Engineers and Contractors, Inc.*, 960 S.W. 2d 41, 48 (Tex. 1998).  Nevertheless, "the mere failure to perform a contract is not evidence of fraud."  *Id.*

The economic loss doctrine bars tort claims when the parties' relationship and their attendant duties arise from a contract. *Kiper v. BAC Home Loans Servicing, LP.*, ____ F. Supp. 2d ____, Civ. A. Nos. H-11-3008, H-11-3363, 2012 WL 3185968, *9 (S.D. Tex. Aug. 2, 2012); *Hurd v. BAC Home Loans Servicing, LP*, ____ F. Supp. 2d ____, Civ. A. No. 3:11-CV-1752-M, 2012 WL 1106932, *12 (N.D. Tex. Mar. 29, 2012)("The economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract."), *citing Stanley Indus. of S. Fla. v. J.C. Penney Corp., Inc.*, Civ. A. No. 3:05-CV-2499-L, 2006 WL 2432309, *5 (N.D. Tex. Aug. 18, 2006)("In determining whether a tort claim is merely a repackaged breach of contract claim, a court must consider:  1) whether the claim is for breach of duty created

by contract, as opposed to a duty imposed by law; and 2) whether the injury is only the economic loss to the subject of the contract itself."). The economic loss rule does not bar fraud and fraudulent inducement claims because the parties to a contract had an independent duty not to commit the intentional tort of fraud. *Hurd*, 2012 WL 1106932, *14 (and cases cited therein); *Casey v. Federal Home Loan Mortg. Ass'n.*, Civ. A. No. H-11-3830, 2012 WL 1425138, * 3 (S.D. Tex. Apr. 23, 2012), *citing Formosa Plastics*, 960 S.W. 2d at 46-47 (Because "the legal duty not to fraudulently procure a contract is separate and independent from the duties established by the contract itself . . . tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract").

A plaintiff asserting wrongful foreclosure must show (1) a defect in the foreclosure sale proceedings, (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price. *Sauceda v. GMAC Mortgage Corp.*, 268 S.W. 3d 135, 139 (Tex. App.--Corpus Christi 2008, no pet.), *citing Charter Nat'l Bank-Houston v. Stevens*, 781 S.W. 2d 368, 371 (Tex. App.--Houston [14th Dist.] 1989, writ denied). Moreover there must be evidence of an irregularity that "must have caused or contributed to cause the property to be sold

for a grossly inadequate price." *In re Keener*, 268 B.R. 912, 921 (N.D. Tex. 2001). "Under Texas law a grossly inadequate price would have to be 'consideration so far short of the real value of the property as to shock a correct mind, and thereby raise a presumption that fraud attended the purchase.'" *Richardson v. Wells Fargo Bank, N.A.*, No. 4:11-CV-359-A, 2012 WL 2511169, *9 (N.D. Tex. June 29, 2012), *citing FDIC v. Blanton*, 918 F.2d 524, 531 (5th Cir. 1990), *quoting Richardson v. Kent*, 47 S.W. 2d 420, 425 (Tex. Civ. App.--Dallas 1932, no writ)("The weight of Texas authority rejects a determination of gross inadequacy where . . . property sells for over 60% of fair market value.").

Under Texas law, slander of title is "a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Marrs and Smith Partnership v. D.K. Boyd Oil and Gas Co., Inc.*, 223 S.W. 3d 1, 20 (Tex. App.--El Paso 2005, pet. denied). The elements of slander of title are (1) the uttering and publishing of disparaging words, (2) falsity, (3) malice, (4) special damages, (5) possession of an estate or interest in the property disparaged, and (6) the loss of a specific sale. *Williams v. Jennings*, 755 S.W. 2d 874, 879 (Tex. App.-Houston [14[th] Dist.] 1988, writ denied); *Casey v. Fed. Home Loan Mortg. Assoc.*, Civ. A. No. H-11-3830, 2012 WL 1425138, *5 (S.D. Tex. Apr. 23, 2012).

Under Texas law, the statute of frauds applies to loan

agreements for amounts exceeding $50,000.00 and requires that they be in writing and signed by the party to be bound in order to be enforceable.  Tex. Bus. Code Ann. § 26.02(a)-(b).  "'Promissory estoppel is a narrow exception to the statute of frauds.'"  *Hurd,* 2012 WL 1106932, at *10. *quoting Schuhart v. Chase Home Fin., LLC*, Civ. A. No. C-05-385, 2006 WL 1897263, * 4 (S.D. Tex. July 10, 2006).  To state a claim for the defense of promissory estoppel, the plaintiff must allege facts showing (1) a promise, (2) foreseeability of reliance on that promise by the promisor, and (3) substantial reliance on the promise by the promisee to its detriment.  *Henry Schein, Inc. v. Stromboe*, 102 S.W. 3d 675, 686 n.25 (Tex. 2002), *citing English v. Fischer*, 660 S.W. 2d 521, 524 (Tex. 1983).  Furthermore the plaintiff must allege facts showing that "the defendant promised to sign an agreement satisfying the statute of frauds."  *Cavil v. Trendmaker Homes, Inc.*, Civ. A. No. G-10-304, 2012 WL 170751, *7 (S.D. Tex. Jan. 19, 2012)(*citing* "*Moore" Burger, Inc. v. Phillips Pet. Co.*, 492 S.W. 2d 934, 937 (Tex. 1972)), *appeal dism'd*, no. 12-40195 ( 5th Cir. May 10, 2012). An alleged oral agreement not to foreclose while a loan modification application is pending would alter the written loan agreement in the promissory note and the deed of trust and thus would be unenforceable unless memorialized in writing.  *Enis v. Bank of America, N.A.*, Civ. A. No. 3:12-CV-0295-D, 2012 WL 4741073, *3 (N.D. Tex. Oct. 3, 2012).  The statute of frauds does not bar a

promissory estoppel claim based on an oral promise to sign an *existing* written contract that satisfies the statute of frauds. *Nagle v. Nagle*, 633 S.W. 2d 796, 800 (Tex. 1982); *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 549 (5th Cir. 2010).

Although not clearly defined in Texas law, a claim for the intentional tort of unreasonable collection efforts has been delineated as "efforts that amount to a course of harassment that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm." *EMC Mortgage Corp. v. Jones*, 252 S.W. 3d 857, 868 (Tex. App.--Dallas 2008, no pet.). Generally Texas courts apply this cause of action based actual collection efforts, for example telephone calls or physically approaching the debtor that oversteps the bounds of routine collection methods through excessive harassment. *Id.* at 8654-65 (lender sent a "large, very intimidating Man" who was "yelling and screaming, demanded the keys to the house, and told [plaintiffs'] family to get out"); *Enis*, 2012 WL 4741073, at *5. Failure to respond to a request for accounting, promising loan modification, and promising not to close are not debt collection efforts and allegations of such do not show an intent to harass and inflict mental anguish. *Enis*, 2012 WL 4741073, at *5 n.7, *citing Smallwood v. Bank of America*, No. 3:11-CV-1283-D, 2012 WL 32654, *4 (N.D. Tex. Jan. 6, 2012); *Sanghera v. Wells Fargo Bank, N.A.,* Civ. A. No. 3:10-CV-2412-B, 2012 WL 555155, *7 (N.D. Tex. Feb. 12, 2012)("[T]he Court is unaware . . . how

promising not to foreclose on a property, can, without more, be
considered willful, wanton, or malicious harassment."); and *Swim v.
Bank of America, N.A.*, Civ. A. No. 3:11-CV-1240-M, 2012 WL 170758,
*7 (N.D. Tex. Jan. 20, 2012)(dismissing allegation that misleading
plaintiff about loan modification constituted unreasonable
collection efforts).

### Defendants' Motion to Dismiss (#4)

Defendants explain that on November 19, 2007 Plaintiffs
executed a Note and Deed of Trust in favor of Security National,
encumbering the property.  The Note (Ex. A) is owned and held by
BOA, as evidenced by a blank indorsement on it.  The Deed of Trust
was assigned by Security National to BOA on December 2, 2011 ("the
assignment")(Ex. C).  Plaintiffs defaulted on their debt and the
property was sold at a foreclosure sale on March 6, 2012.

Defendants argue that the Original Petition must be dismissed
because Plaintiffs failed to tender the debt as mandated by Texas
law.  First, the equitable and/or injunctive relief they seek must
be denied because they failed to tender the debt due or to allege
that nothing was due under the loan instruments.  "[I]t is well-
settled that a party seeking an equitable remedy must do equity and
come to court with clean hands."  *GE Capital Commercial, Inc. v.
Worthington Nat'l Bank*, No. 3:09-CV-572-L, 2011 WL 5025153, *4
(N.D. Tex. Oct. 21, 2011).  Plaintiffs here have not done so.

Plaintiffs' petition asserts that Defendants lack the

-14-

necessary authority and documentation to enforce Plaintiffs' indebtedness. Calling that claim "erroneous," Defendants respond that Texas courts have long recognized that the foreclosure of a lien under the deed of trust is a separate and distinct right from a suit on a note to collect a debt. *Hazzard v. Bank of America, N.A.*, No. C-12-127, 2012 WL 2339313, *2 (S.D. Tex. June 19, 2012)("Under Texas law, the right to recover a personal judgment for a debt secured by a lien is severable from the right to foreclose that lien."). Furthermore, Texas permits the Mortgage Electronic Registration Systems, Inc. ("MERS")[2] to have the power

---

[2] The Court notes that in *Kazmi v. BAC Home Loans Servicing, L.P.*, No. 4:11-CV-375, 2012 WL 629440, *6 (E.D. Tex. Feb. 3, 2012), *citing In re: Mortgage Electronic Registration Systems (MERS) Litig.*, 659 F. Supp. 2d 1368 (U.S. Jud. Pan. Mult. Lit. 2009), the district court explains that the Mortgage Electronic Registration Systems, Inc. ("MERS") is

> an electronic mortgage registration system and clearinghouse that tracks beneficial ownerships in, and servicing rights to, mortgage loans. The system is designed to track transfers and avoid recording and other transfer fees that are otherwise associated with the sale. MERS is defined in Texas Property Code § 51.0001(1) as a "book entry system," which means a "national book system for registering a beneficial interest in security instrument and its successors and assigns."

Furthermore, "'[u]nder Texas law, where a deed of trust . . . expressly provides for MERS to have the power of sale, then MERS has the power of sale.'" *Id., quoting Athey v. MERS*, 314 S.W. 3d 161, 165-66 (Tex. App.--Eastland 2010). The *Kazmi* court observed about the case before it, in which the deed of trust authorized MERS to act as the beneficiary, as the nominee of the lender and its successors, and gave MERS "the right to foreclose and sell the Property; and to take any action required of Lender,"

of sale when the deed of trust gives it that power and when MERS,
as the nominee for the original lender, has the authority to
transfer the rights and interests in the First Deed of Trust to the
assignee, who then has the authority to enforce the obligations
under the First Note.  Ex. B ("MERS is . . . acting solely as a

---

      Under the Texas Property Code, a mortgagee may authorize
a mortgage service to service a mortgage and conduct a
foreclosure sale.  *See* Tex. Prop. Code Ann. § 51.0025.
MERS is a mortgagee under the Texas Property Code.  *See*
Tex. Prop. Code Ann. §51.001(4).  Since the Deed of Trust
identifies MERS as the beneficiary and the nominee for
the original lender and its successors and assigns, this
makes MERS a mortgagee under the Texas Property Code.  As
a mortgagee, MERS could authorize BAC to service the loan
and foreclose, regardless of whether MERS was the true
owner of the Note.

*Id.* at *5-6.  *In accord, Allen v. Chase Home Finance, LLC*, No.
4:11-CV-223, 2011 WL 2683292, *3-4 (E.D. Tex. June 10, 2011);
*Richardson v. CitiMortgage, Inc,* 2010 WL 4818556, *5 (E.D. Tex.
Nov. 22, 2010); *Santarose v. Aurora Bank FSB*, Civ. A. No. H-10-720,
2010 WL 2232819, *5 (S.D. Tex. June 2, 2010); *Wigginton v. Bank of
New York Mellon*, Civ. A. No. 3:10-CV-2128-G, 2011 WL 2669071, *3
(N.D. Tex. July 7, 2011), *aff'd*, ___ Fed. Appx. ___, No. 12-10136,
2012 WL 4053793 (5th Cir. Sept. 14, 2012).  While § 51.0025 of the
Texas Property Code Ann. sets out certain conditions to be met for
a mortgage servicer like MERS to administer the foreclosure of
property on behalf of a mortgagee, it does not "require the
mortgage servicer to be the holder of the Note and Deed of Trust or
to produce the original loan documents." *Sawyer v. Mortgage
Electronic Registration Systems, Inc.*, 2010 WL 996768, *3 (N.D.
Tex. Feb. 1, 2010), *cited by Kazmi for that proposition*, 2012 WL
629440, at *6.   The *Kazmi* court concluded, "As MERS is a
beneficiary and nominee for both the originating lender and its
successors and assigns by the express language in the Deed of
Trust, the situation falls within an exception to the general rule
that a party holding only the deed of trust cannot enforce the
mortgage.  *Id., citing Eskridge v. Fed. Home Loan Mortg. Corp.*,
No. 6:10-CV-00285-WSS, 2011 WL 2163989, *5 (W.D. Tex. Feb. 24,
2011), and Comment E to the *Restatement (3d) of Property
(Mortgages)* § 5.4.

nominee for Lender and Lender's successors and assigns.  MERS is the beneficiary under this Security Instrument.";  "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with the law or custom, MERS (as nominee for lender and Lender's successors and assigns) has the right to exercise any or all those interests, including, but not limited to, the right to foreclose and sell the property . . . .").  BOA holds the Deed of Trust pursuant to an assignment and that document legally permits it or its designated mortgage servicer to foreclose on Plaintiffs' property.(Ex. C, Assignment of Deed of Trust)("the undersigned holder of a Deed of Trust . . . does hereby grant, sell, transfer and convey under Bank of America, N.A. . . . all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described . . . .").  BOA also is the owner of the Note as evidenced by a blank indorsement on the Note.  Ex. A ("I understand that the Lender may transfer this Note.  The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder.").  Under Texas Business & Commerce Code § 3.205(b), when indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed.  Defendants argue that Plaintiffs cannot challenge the validity of the assignment because

an assignment is a contract between the assignor of a right and the assignee, the latter of whom receives the authority to assert the right or interest that is transferred by the assignment. *Pagosa Oil & Gas, LLC v. Marrs & Smith Partnership*, 323 S.W. 3d 201, 211-12 (Tex. App.--El Paso 2010, pet. denied). Plaintiffs have no standing to contest this assignment because they were not parties to it. *Eskridge,* 2011 WL 2163989, at *5; *McAllister v. BAC Home Lonas Servicing, LP*, No. 4:10-CV-504, 2011 WL 2200672, *5 (E.D. Tex. Apr. 28, 2012); *Kazmi*, 2012 WL 629440, at *8. Thus BOA had authority to foreclose on the property. The Court agrees.

Defendants insist that Plaintiffs' fraud claim must be dismissed because they fail to allege that Defendants made a single representation of any kind and certainly not one of material fact. Instead Plaintiffs conclusorily state it was their "understanding" that Defendants would, in contravention of the terms of the Deed of Trust and the Note underlying the agreement between the parties, enter into a modification of the Deed of Trust and not proceed with foreclosure. Orig. Pet. at p.3. Nor, insist Defendants, will amendment of the petition cure the problem because promises of future conduct are not actionable as fraud.

The Court agrees that Plaintiffs have failed to satisfy Rules 12(b)(6) and 9(b) in pleading their fraud claim. However as indicated *supra*, promises of future conduct are actionable "if the promise was made with no intention of performing at the time it was

-18-

made." *Formosa Plastics*, 960 S.W. 2d at 48.  Plaintiffs, however have alleged no facts demonstrating that BOA had no intention of performing, no less that a specific promise was made.[3]

Next, Defendants argue that the fraud claim is barred by the economic loss doctrine because their sole basis for liability, if any, is contractual under the terms of the Note and Deed of Trust. As this Court stated earlier, as a matter of law the economic loss rule does not apply to fraud claims because the parties to a contract have an independent duty not to commit the intentional tort of fraud.  *Hurd*, 2012 WL 1106932, at *14 (and cases cited therein); *Casey*, 2012 WL 1425138, at *3, *citing Formosa Plastics*, 960 S.W. 2d at 46-47 (Because "the legal duty not to fraudulently procure a contract is separate and independent from the duties established by the contract itself . . . tort damages are recoverable for a fraudulent inducement claim irrespective of whether the fraudulent representations are later subsumed in a contract or whether the plaintiff only suffers an economic loss related to the subject matter of the contract").  Nevertheless, as

--------

[3] If Plaintiffs' allegation that Plaintiffs were involved in a joint venture is construed as a conspiracy to defraud them and wrongfully foreclose on their property, that claim, too, must meet, but fails to satisfy, the heightened pleading requirements of Rule 9(b).  *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 193 (5th Cir. 2009)("a plaintiff alleging a conspiracy to commit fraud must 'plead with particularity the conspiracy as well as the overt acts . . . taken in furtherance of the conspiracy'"), *quoting FC Inv. Group LC v. IFX Markets, Ltd.*, 529 F.3d 1087, 1097 (D.C. Cir. 2008).

the Court has stated, the fraud claim is not adequately pled with the particularity required under Rule 9(b) and Fifth Circuit case law.

Next, Defendants assert that Plaintiffs fail to state a claim for wrongful foreclosure. Plaintiffs have not alleged, and cannot allege, facts to support a defect in foreclosure sale proceedings, i.e., a grossly inadequate selling price and a causal connection between the defect and the inadequate price. The Court agrees.

Plaintiffs' count for wrongful foreclosure due to fraud is not a recognized cause of action under Texas law and Plaintiffs' Original Petition at page 3 impliedly admits receipt of the notice that the property was set to be foreclosed upon and had knowledge of the upcoming date. Furthermore, Plaintiffs still remain in possession of the property, Plaintiffs have not sustained any damages. *Peoples v. BAC Home Loans Servicing, L.P.*, No. 4:10-CV-489-A, 2011 WL 1107211, *4 (N.D. Tex. Mar. 25, 2011)(holding that under Texas law, loss of possession is required to state a claim for wrongful foreclosure). The Court agrees that as a matter of law Plaintiffs' continued possession of the property precludes their claim for wrongful foreclosure. *Daryani v. Wells Fargo Bank, N.A.*, Civ. A. No. 4:10-CV-05181, 2012 WL 3527924, *8 (S.D. Tex. Aug. 13, 2012)(granting summary judgment on wrongful foreclosure claim where plaintiffs were still in possession of the property), *citing George-Beaunchand v. Wells Fargo Home Mortg., Inc.*, Civ. A.

No. H-10-3828, 2011 WL 2551127, *3 (S.D. Tex. June 27, 2911)("Because recovery is based on the lack of possession of real property, individuals never losing possession cannot recover on a theory of wrongful foreclosure."); *Peterson v. Black*, 980 S.W. 2d 818, 823 (Tex. App.--San Antonio 1998)("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property."); *Medrano v. BAC Home Loans Servicing, LP*., No. 3:10-CV-02565-M (BF), 2012 WL 4174890, *3 (N.D. Tex. Aug. 10, 2012)("Plaintiffs never lost possession of the Property and are seeking damages for an attempted wrongful foreclosure. An attempted foreclosure is not an action recognized under Texas law)(and cases cited therein).

Furthermore, Defendants point out that the statute of frauds bars Plaintiffs' wrongful foreclosure cause of action. Tex. Bus. Comm. Code § 26.02(b). Plaintiffs' mortgage was in excess of $50,000.000, their agreement was for the sale of real property and contemplated the creation of a lien or mortgage, and the agreement could not be performed within one year as the repayment of the mortgage in full would occur on December 1, 2037. They do not allege the existence of a written modification agreement between the parties, only that they were negotiating such an agreement when Defendants foreclosed on the property. As noted above, the Court

concurs that the statute of frauds bars their wrongful foreclosure claim based on alleged oral agreements, or at least Plaintiffs' "understanding" that there were oral agreements.  Not only must an agreement for the sale of real property be in writing in order to be enforceable under § 26.01(b)(4), but Texas state and federal courts also apply this provision to loan modifications and hold that an agreement that contemplates the modification of a lien or mortgage must be in writing. *Hanna v. RFC Deutsche Bank Nat. Trust Co.*, Civ. A. No. 3:11-CV-00346-BF, 2012 WL 1969948, *4 (N.D. Tex. May 31, 2012), *citing West v. First Baptist Church*, 123 Tex. 388, 71 S.W. 2d 1090, 1100 (Tex. 1934); *Edward Scharf Assoc., Inc. v. Skiba*, 538 S.W. 2d 501, 502 (Tex. App.--Waco 1979, no writ); *Ellen v. F.H. Partners, LLC*, No. 03-09-00310-CV, 2010 WL 4909973, *5 (Tex. App.--Austin, 2010, no writ); and *Salazar v. BAC Home Loans Servicing, LP*, 3:11-CV-1309-L, 2012 WL 995296 (N.D. Tex. Mar. 23, 2012).

Moreover Defendants also contend that Plaintiffs fail to state a claim for slander of title because they do not plead that only statements made by Defendants resulted in the loss of a specific sale of the property, nor do they allege any facts supporting the elements of such a claim other than a conclusory statement that Defendants' "actions constitute slander of Plaintiff's title to the subject property." The Court agrees and further observes there are no allegations that Defendants made malicious comments or published

-22-

disparaging words.

Defendants insist the Plaintiffs' promissory estoppel claim fails as a matter of law because they do not allege facts showing that Defendants even made a promise or demonstrating detrimental reliance, no less reasonable detrimental reliance, and they fail to plead that Defendants promised to sign an *existing* written document complying with the statute of frauds, as is required to circumvent the statute-of-frauds bar. Furthermore, promissory estoppel is not available where there is a valid contract between the parties. *Lozano v. Ocwen Federal Bank, FSB*, 489 F.3d 636, (5th Cir. 2007)("Texas courts have held that promissory estoppel may only be applied when no valid contract exists."), *citing Doctors Hosp. 1997, LP v. Sambuca Houston, LP*, 154 S.W. 3d 634, 636-37 (Tex. App.-Houston [14[th] Dist.] 2004, pet. abated)(collecting cases). Again the Court concurs.

Nor have Plaintiffs stated a claim for unreasonable collection efforts, Defendants insist. Courts have concluded that merely exercising a contractual right to foreclose does not constitute the kind of "willful, wanton [and] malicious conduct" required for the tort. *See, e.g., Mitchell v. Chase Home Finance, LLC*, Civ. A. No. 3:06-CV-2099-K, 2008 WL 623395, *6 (N.D. Tex. Mar. 4, 2008). The Court is in agreement here, too. *See, e.g., Sanghera v. Wells Faro Bank, N.A.*, 2012 WL 555155, *6 (N.D. Tex. Feb. 21, 2012)(granting summary judgment for defendants on unreasonable

collection cause of action because plaintiffs presented no proof that would raise a genuine issue of material fact about any harassment or malicious conduct by Defendant in its debt collection efforts or that these efforts were unreasonable); *Bacon v. U.S. Bank Nat. Ass'n*, No. 4:12cv86, 2012 WL 4506532, *6 (E.D. Tex. Aug. 31, 2012)(dismissing claim for unreasonable collection efforts where pleadings failed to allege facts amounting to a course of harassment by defendant that was willful, wanton, malicious and intended to inflict mental anguish and bodily harm).

Last of all, Defendants argue that Plaintiffs' claims for equitable or injunctive relief should be dismissed.  The Court concludes that accounting is a remedy, not a cause of action, and cannot stand as an independent claim. *Henry v. CitiMortgage, Inc.*, No. 4:11-CV-83, 2011 WL 2261166, *8 (E.D. Tex. May 20, 1011).  It is not available where there is no viable cause of action. *Franklin v. BAC Home Loans Servicing, LP*. 2012 WL 2679496, *12 (N.D. Tex. June 6, 2012).  Under Texas law a prayer for injunctive relief without a cause of action supporting entry of a judgment must be dismissed.  *Cook v. Wells Fargo Bank, N.A.*, Civ. A. No. 3:10-CV-0592-D,2010 WL 2772445, *4 (E.D. Tex. Mar, 24, 2011)("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action."); *Pajooh v. Harmon*, 82 Fed. Appx. 898, 899 (5th Cir. 2003)(upholding denial of injunctive relief when plaintiff failed to state a claim for which

-24-

relief may be granted).  The Declaratory Judgment Act "does not create an independent source of federal jurisdiction, but merely provides a remedy if there is, in fact a judicially remediable right." *Mahfoud v. Bank of America, NA*, No. 3:12-CV-2651-0-BK, 2012 WL 4512075, *4 (N.D. Tex. Aug. 31, 2012), *citing Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  The Court agrees that Plaintiffs have failed to adequately plead any of their substantive legal claims, so their claims for declaratory and injunctive relief fail as well.  *Ayers v. Aurora Loan Servs., LLC*, 787 F. Supp. 2d 451, 457 (E.D. Tex. 2011); *Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, *6-7 (E.D. Tex. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6838614 (E.D. Tex. Dec. 29, 2011, appeal dism'd).

Because Plaintiffs, although represented by counsel, have failed to respond to Defendants' motion to dismiss, the Court assumes from their silence that they have no basis on which to oppose Defendants' arguments for dismissal and or to seek leave to amend.  Accordingly for the reasons the Court has indicated above why it finds Plaintiffs have failed to state a claim for which relief may be granted on any of their causes of action, the Court ORDERS that the Defendants' motion to dismiss under Rules

12(b)(6) and 9(b) (#4) is GRANTED and this case is CLOSED.

      **SIGNED** at Houston, Texas, this  24th  day of  January , 2013.

                                                  MELINDA HARMON
                                  UNITED STATES DISTRICT JUDGE